THORNTON, Ordinary, for use, *vs.* PARK *et al.*

An administrator having, upon a bill filed by him to marshal assets, enjoined the creditors to await a decree for direction, and having died pending the bill, and his administrator and the administrator *de bonis non* of the original estate, both having been made parties complainant to the bill, and thereafter a decree in the cause having been rendered in favor of one of the enjoined creditors for a sum due upon a debt of the highest dignity, and execution having issued upon said decree and been returned *nulla bona,* and the administrator *de bonis non* and all the sureties upon his bond being insolvent, and he (the administrator *de bonis non*) being without any of the assets, his predecessor having wasted them, and he, moreover, having refused to call the estate of his predecessor to account, the creditor may sue upon the bond of the first administrator for the amount decreed, as above, to the creditor, joining in the action as

parties defendant, the sureties on said bond with the administrator of the principal. The decree is the only judgment *de bonis testatoris*, in respect to the original estate, which the creditor has it in his power to procure, inasmuch as the administrator of an administrator does not represent the first intestate. As to the right of creditors to sue where there is an administrator *de bonis non*, see 45 *Ga.*, 616; 10 *Ib.*, 266; 11 *Ib.*, 658. And that resort to equity is optional, not compulsory, see Code, §3082.

Administrators and executors. Parties. Actions. Before Judge Bartlett. Greene Superior Court. March Term, 1878.

The facts are stated in the opinion.

M. W. Lewis & Son, for plaintiff in error, argued that act of 1820 rendered but one suit necessary, if that, before action accrued on bond. Cobb's Dig., 484; 6 *Ga.*, 308; 7 *Ib.*, 31. That act of 1852, p. 235, allowed distributees and legatees to sue on bond in first instance. That act of 1856, p. 145, seems to give creditors same remedies. That these acts are embodied in Code, §2507; 43 *Ga.*, 275; 52 *Ib.*, 35. That representative of estate, *i. e.* the administrator *de bonis non*, could be made a party. Code, §§2513, 2548. That before act of 1845, administrators *de bonis non* could not call the removed administrator to account; that he can do so now, *non sequitur* that creditor cannot. 10 *Ga.*, 266; 11 *Ib.*, 658; 45 *Ib.*, 616.

Philip B. Robinson, for defendants, argued that the creditor, except as provided in §3386 of Code, cannot institute suit against administrator and sureties on bond, until he has recovered judgment showing *devastavit*. 52 *Ga.*, 35; 6 *Ib.*, 303; 7. *Ib.*, 31. That this action is not within the provisions of such section.

Bleckley, Justice.

Suit was originally instituted by the plaintiff against the defendants in the county court of Greene county; and after

trial and judgment, there was an appeal to the superior court. At the March term, 1878, of the superior court, the case was called for trial, and the plaintiff read his declaration, as follows :

" GEORGIA, Greene County.

" *To the Honorable, the County Court of said County :*

" The petition of Joel F. Thornton, ordinary of said county, suing for the use of Charles A. Vincent, respectfully shows that Columbus M. Park, administrator of William A. Florence, deceased, principal, and James N. Armor, Reuben B. Armor, Wm. Armor and Columbus M. Park, securities, all of said county, are indebted to your petitioner for the use aforesaid, in the sum of five hundred dollars, upon an administrator's bond given by said Wm. A. Florence as administrator of John E. McCarter, deceased, principal, and James N. Armor, Reuben B. Armor, William Armor and Columbus M. Park, securities—said bond dated the 5th day of September, 1859, and duly recorded in the ordinary's office of said county, September 8th, 1859, a copy of which said bond is hereto attached. And your petitioner suing as aforesaid, avers that at the September term, 1877, of Greene superior court, judgment was obtained in favor of said Charles A. Vincent against the legal representatives of the estate of said John E. McCarter for the sum of ninety-five dollars principal, one hundred and twenty-four dollars interest, and four and $\frac{50}{100}$ dollars cost ; and that there has been a return of *nulla bona* by the sheriff of said county upon the execution issued upon said judgment. And your petitioner suing as aforesaid, further avers that the reason why suit has not been sooner instituted upon said bond for the recovery of the amount due as aforesaid, and as hereinafter set forth, is because said Wm. A. Florence, as administrator aforesaid, at the September term, 1860, of Greene superior court, filed a bill for injunction, and to marshal the assets of said estate against said Chas. A. Vincent and other creditors of said estate whereby said Chas. A. Vincent was enjoined by said superior

court from prosecuting, or in any manner enforcing, his claim against the representatives of said Jno. E. McCarter; and that said injunction was continued from term to term of said court until the same was dissolved at the September term, 1877, thereof, when said Vincent obtained his judgment as aforesaid.   And your petitioner suing as aforesaid, further avers that the debt for which said judgment was rendered, was a debt of the highest dignity against the estate of the said John E. McCarter, it being a debt for burial or funeral expenses ; and that notwithstanding this fact the said Wm. A. Florence, as administrator of the said John E. McCarter, mismanaged the estate and effects of the said deceased, squandered and misappropriated the assets, contrary to his duty as administrator, and paid off debts of an inferior dignity to an amount much larger than the claim of the said Vincent, after having had due notice of said claim, thereby committing a *devastavit* upon the estate and effects of the said John E. McCarter, to the damage of the said Vincent in the sum aforesaid."

To this petition was attached a duly certified copy of the bond sued on and above described.

After the reading of the declaration by plaintiff's counsel, the defendants, by their counsel, demurred thereto, on the ground that the declaration did not allege that any judgment had been obtained by said Charles A. Vincent against Wm. A. Florence as the administrator of said John E. McCarter, or against Columbus M. Park as administrator of Wm. A. Florence, showing a *devastavit* on the part of said Florence as administrator of said McCarter.   The court sustained the demurrer, and the plaintiff excepted.

The plaintiff was then allowed to amend his declaration by adding thereto the following allegation :   " Your petitioner avers there are no assets in the hands of Columbus M. Park belonging to the estate of John E. McCarter or to the estate of Wm. A. Florence ; that James W. Winfield, the administrator *de bonis non* of said John E. McCarter, is insolvent, and the securities on said Winfield's administrator's bond are likewise insolvent, and said Winfield refuses

to sue the estate of said Wm. A. Florence for waste. Your petitioner further avers, that after the said Wm. A. Florence filed his said bill to marshal assets against your petitioner and other creditors, to-wit: on the —— day of —'—— 1862, said Florence died, and James W. Winfield was appointed administrator *de bonis non* upon the estate of said McCarter, and was made a party complainant in said bill; that at the September term, 1874, Columbus M. Park, the administrator of said Wm. A. Florence, was likewise made a party complainant to said bill; that said bill filed by said Florence, prayed for direction as to how to distribute the assets of the estate of said McCarter; that upon the issue formed by said bill, and the said Charles A. Vincent's answer thereto, he obtained a judgment against the complainants in said bill, said judgment being a judgment *de bonis testatoris*, that is a judgment to be levied of the goods and chattels, lands and tenements of said John E. McCarter in the hands of said complainants; that there has been a return of *nulla bona* upon the execution issued upon said judgment, an entry by the sheriff showing there are no assets belonging to the estate of said McCarter in the hands of said James W. Winfield, the administrator *de bonis non*, or in the hands of Columbus M. Park, the administrator of Wm. A. Florence, the deceased administrator of said McCarter. And your petitioner avers that the reason why there are no assets in the hands of James W. Winfield belonging to the estate of said McCarter, is because the said Wm. A. Florence wasted the assets of said estate in his life-time."

To the declaration as amended defendants, by their counsel, demurred, and the court sustained the demurrer on the ground that a creditor of the estate of said McCarter could not institute suit upon the bond of the original administrator of said estate, but that he had to look to the administrator *de bonis non* for his debt, whose duty it was to call the original administrator, or his representative, to account for any waste committed by such administrator. To which decision the plaintiff excepted.

The court erred, we think, in sustaining the demurrer to the declaration as amended. The reasons for this opinion are indicated in the head-note.

Judgment reversed.